**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **ALIRA BLAIR, and** | § | |
| **WESLEY CORRIGAN HENDERSON,** | § | |
| | § | |
| ***Plaintiffs*,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:26-CV-00171-Z** |
| | § | |
| **ROMAN ALEJANDRO, et al.,** | § | |
| | § | |
| ***Defendants*.** | § | |

**<u>DEFENDANTS HUTCHINSON COUNTY, JUDGE LESLIE FORD, AND ANDREW TRAHAN'S MOTION AND BRIEF TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) & 12(b)(6)</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MATTHEW J. KACSMARYK:

COME NOW Defendants Hutchinson County, Judge Leslie Ford, and Andrew Trahan and file their Motion and Brief to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and in support thereof, would respectfully show the Court as follows:

## I. SUMMARY

Plaintiffs failed to properly serve Defendants Hutchison County, Judge Leslie Ford, and Andrew Trahan (collectively, "Defendants"). Plaintiffs personally mailed the Complaint and Summons, which is improper under Federal Rule of Civil Procedure 4. Therefore, the Court should dismiss the lawsuit on these grounds or, alternatively, order Plaintiffs to properly serve Defendants. However, the Court should also dismiss this case based on statute of limitations.[1]

[1] If Plaintiffs properly re-serve Defendants and the Court finds the statute of limitations has not expired, Judge Leslie Ford will assert and brief judicial immunity, or alternatively, qualified immunity. Andrew Trahan will assert qualified immunity. Lastly, Hutchinson County will assert that Plaintiffs' Complaint fails to state a claim for municipal liability under § 1983.

## II. BACKGROUND

This lawsuit arises out of a November 2022 traffic stop.[2] Almost four years later, Plaintiffs filed their Complaint alleging that various city and county officials committed numerous constitutional violations throughout the stop, the arrest, and the following judicial proceedings.[3]

## III. STANDARDS OF REVIEW

***Rule 12(b)(5).*** "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). A plaintiff's pro se status does not excuse any failure to properly serve a defendant. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

***Rule 12(b)(6).*** Under Rule 12(b)(6), dismissal is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R Civ. P. 12(b)(6). In deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (quoting *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002)).

---

[2] Pl. Compl. [Doc. No. 3] at ¶ 15.
[3] Pl. Compl. [Doc. No. 3] at ¶¶ 3–15, 61–99.

## IV. ARGUMENTS AND AUTHORITIES

### A. The Court should grant this 12(b)(5) Motion because Defendants were not properly served.

Federal Rule of Civil Procedure 4(c)(2) states: "Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Moreover, "[a]ctual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)). Pro se status also "does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies*, 903 F.2d at 1014 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Plaintiffs attempted to serve Defendants by personally mailing the Complaint and Summons.[4] This violates Rule 4's requirement that a non-party must serve the complaint and summons. *See* Fed. R. Civ. P. 4(c)(2). Therefore, this Court should grant this 12(b)(5) Motion and dismiss Plaintiffs' claims against Defendants, or alternatively, order Plaintiffs to properly serve Defendants.

### B. The Court should grant this 12(b)(6) Motion because Plaintiffs' claims are barred by statute of limitations.

Under Rule 12(b)(6), a court may grant a motion to dismiss on the grounds that a plaintiff's claim is barred by statute of limitations. *See Jones*, 339 F.3d at 366. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)). "Texas has a two-year statute of limitations for personal injury claims," which begins to accrue "when the plaintiff

[4] Def. App'x [Doc. No. 10] Ex. A–C.

'knows or has reason to know of the injury which is the basis of the action.'" *Id.* (first citing Tex. Civ. Prac. & Rem. Code § 16.003; then citing *Piotrowski*, 237 F.3d at 576; and then citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Plaintiffs' § 1983 claim arises out of a traffic stop on November 7, 2022.[5] Plaintiffs' allegations further suggest they knew of the alleged constitutional violations at the time of or shortly after the stop, arrest, and judicial proceedings transpired.[6] Despite these events occurring in November 2022, Plaintiffs waited until August 13, 2026—almost four years later—to file their lawsuit.[7] Accordingly, Plaintiff's claims are barred by statute of limitations. *See Heilman*, 638 F. App'x at 366.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Hutchison County, Judge Leslie Ford, and Andrew Trahan respectfully request that the Court dismiss this lawsuit on the grounds of improper service or statute of limitations. Alternatively, Defendants request that the Court order Plaintiffs to properly serve Defendants. Defendants request such further and other relief to which they may be justly entitled.

Respectfully submitted,

Slater C. Elza
State Bar No. 24000747
Slater.Elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas 79105
Tel: (806) 376-5613
Fax: (806) 379-0316

---

[5] Pl. Compl. [Doc. No. 3] at ¶ 15.
[6] Pl. Compl. [Doc. No. 3] at ¶¶ 15–48.
[7] Pl. Compl. [Doc. No. 3] at ¶ 15.

Jadyn Allen
State Bar No. 24149594
Jadyn.Allen@uwlaw.com
UNDERWOOD LAW FIRM P.C.
P.O. Box 16197
Lubbock, Texas 79490-6197
Tel: (806) 793-1711
Fax: (806) 722-7990

By: */s/ Slater C. Elza*
Slater C. Elza

ATTORNEYS FOR DEFENDANTS
HUTCHINSON COUNTY, JUDGE LESLIE
FORD, AND ANDREW TRAHAN

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System and the following parties via certified mail on the 10th day of September 2026:

Alir Lyn Blair
1317 NE 16th Avenue
Perryton, Texas 79070
ablair4794@gmail.com

***Pro se Plaintiff***

Wesley Corrigan Henderson
1317 NE 16th Avenue
Perryton, Texas 79070
wes.henderson@gmail.com

***Pro se Plaintiff***

*/s/ Slater C. Elza*
Slater C. Elza